## IN THE CASE OF JOSHUA T. SEAL.

A petitioner cannot have the benefit of the insolvent laws unless he be actually in prison.
If the sheriff permit a voluntary escape, he cannot retake the prisoner.

APPLICATION to be discharged under the insolvent laws.

The petitioner set forth that he was imprisoned in the common jail of New-Castle county, on execution process, for debt; that he was insolvent; and prayed to be discharged on assigning his property for the benefit of his creditors. He returned debts to a large amount.

When the case came up for hearing on the return of the summons, it appeared to the court that the petitioner was at large, walking the streets and attending the court as a spectator. He stated that he was at large by the permission of the sheriff. The court refused to go further into the case, and dismissed the petition. *Dig.* 306. The petitioner is not in prison, and cannot be there again, legally, on this process. The sheriff has permitted a voluntary escape, and cannot retake him. The chief justice mentioned *Crocker's* case, in Kent, and Mr. Hamilton that of *John Lowber,* in New-Castle, where the same decision was made.

Petition dismissed.

*J. A. Bayard,* for petitioner.

*Wales* and *Hamilton,* for creditors.